

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CASE NO. **08-CV-61254-Ungaro-Simonton**

IRVING TITRE,
individually and on behalf of
others similarly situated,

    Plaintiff,

v.

PLATINUM PARTNERS LLC, d/b/a
HEALTH BENEFITS DIRECT,
a Florida Limited Liability Company, and
CHARLIE ESSIA, individually

    Defendants.
_____/

## NATIONAL COLLECTIVE ACTION COMPLAINT

Plaintiff, IRVING TITRE ("Plaintiff"), is an employee of Defendant, PLATINUM PARTNERS LLC d/b/a HEALTH BENEFITS DIRECT ("HBD"), and CHARLIE ESSIA, individually (collectively "Defendants") and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff is a non-exempt hourly plus production bonus paid inside sales "Agent," and performed related activities for Defendants in, among others, Broward County, Florida. The other putative Plaintiffs that will join this lawsuit are non-exempt hourly plus production paid inside sales "Agents" who earned less than $100,000 in compensation from Defendants in one or more years during the applicable statute of limitations, and who worked for Defendants at their offices around the country.

## FACTS

1. Plaintiff, IRVING TITRE, was an employee of Defendants as more fully alleged herein. Plaintiff brings this action on behalf of himself and on behalf of other, current and former employees of Defendants similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA" or the "Act").

2. At all times material hereto, Plaintiff was employed by Defendants as a non-exempt hourly plus production bonus paid inside sales "Agent," performing the duties of an inside or telemarketing sales person, primarily within the personal jurisdiction and venue of this Court.

3. Plaintiff has been employed by Defendants, from approximately mid-2004 through current.

4. Defendants should be in possession of all of the time and wage records for all of Plaintiff's and similarly situated employees' workweeks.

5. Defendant, HBD is a Florida Limited Liability Company that sells insurance and related services and products, for compensation out of its regional offices in Broward County, Florida and elsewhere, principally under the trade name "Health Benefits Direct." Defendants suffer persons such as Plaintiff and others similarly situated to work on their behalf in performing the duties of an inside or telemarketing sales "Agent" for the insurance and related services Defendants offer.

6. At all times relevant to this action, CHARLIE ESSIA was an individual resident of the State of Florida, who owned and operated HBD, and who regularly exercised the authority to: (a)

2

hire and fire employees of HBD; (b) determine the work schedules for the employees of HBD; and (c) control the finances and operations of HBD. By virtue of having regularly exercised that authority on behalf of HBD, CHARLIE ESSIA is an employer as defined by 29 U.S.C. 201 *et. seq.*

7. Each Defendant directly or indirectly acted in the interest of an employer toward Plaintiff and others similarly situated at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and others similarly situated. Alternately, Defendants are joint employers of Plaintiff and other similarly situated non-exempt workers in that each Defendant acts in the interest of the other in relation to Plaintiff and other similarly situated workers. As a further alternative, Defendants are joint employers in that they are not completely disassociated with respect to the terms of compensation and employment of Plaintiff and others similarly situated.

8. At all times material hereto, Plaintiff and all the similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

9. This cause of action is brought as a collective action to recover from Defendants overtime compensation, liquidated damages, a declaratory judgment, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. §216(b) on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

10. The asserted class for this collective action includes all current and former employees similarly situated to Plaintiff, who were non-exempt hourly plus production paid inside sales "Agents" who earned less than $100,000 in compensation from Defendants in one or more years during the applicable statute of limitations, and who worked for Defendants at their offices around the country, during the time period of July 2005 through current (the "material time").

11. In the course of employment with Defendants, the Plaintiff and the other employees in the asserted class regularly worked overtime hours (that is, hours in excess of forty (40) hours per workweek, referred to herein as "overtime hours") and were not paid overtime compensation at an overtime rate of time and one-half of their regular rate of pay (the "overtime rate") for all of the overtime hours worked, based in part upon Defendants' custom and practice of failing to, among other things, credit time actually worked and failing to calculate the correct regular rate of pay from which to determine the proper overtime rate of pay, among other violations of the FLSA.

12. By failing to include the required bonus payments into Plaintiff's and the putative class members' regular rate of pay as articulated in Paragraph 11 above, Defendants violated 29 C.F.R. §778.208.

13. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees in the asserted class, and the compensation actually paid to such employees should be in the possession and custody of Defendants.

13. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this Complaint, each of the Defendants was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). The annual gross sales volume of the Defendants was in excess of $500,000.00 per annum. Alternatively, Plaintiff and those employees similarly situated worked in interstate commerce so as to fall within the protections of the Act.

4

14. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209 in that Plaintiff and those employees similarly situated performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and the other employees in the asserted class full and proper overtime compensation to which they were lawfully entitled for all of the hours worked in excess of forty within a workweek.

15. Plaintiff has retained the undersigned counsel to represent him individually and on behalf of the asserted class, and has incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorney's fees and costs if he prevails in this action.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

16. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 15 above.

17. Plaintiff is entitled to be paid time and one-half of Plaintiff's respective regular rates of pay for each hour worked in excess of forty (40) hours per work week. All similarly situated employees (comprising the members of the asserted class) are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

18. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and the similarly situated employees in the asserted class have suffered damages plus incurring costs and reasonable attorney's fees.

19. As a result of Defendants' willful violation of the Act, Plaintiff and those similarly situated to Plaintiff are entitled to liquidated damages.

20. Plaintiff demands a jury trial.

5

WHEREFORE, Plaintiff, IRVING TITRE, and those persons similarly situated to Plaintiffs who have or will opt into this collective action, demand judgment against Defendants, jointly and severally, for the payment of compensation for all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly paid, liquidated damages, reasonable attorney's fees and costs of suit, prejudgment interest, and for all other appropriate relief.

Dated:   July 9, 2008

Respectfully submitted,

_____
Richard Celler
FL Bar No.: 173370
MORGAN & MORGAN, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
Tel: 954-318-0268
Fax: 954-333-3515
E-Mail: rceller@forthepeople.com

Trial Counsel for Plaintiffs

≈JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| IRVING TITRE, individually and on behalf of others similarly situated, | Platinum Partners LLC, d/b/a Health Benefits Direct, a Florida Limited Liability Company, and Charlie Essia, Individually |
| (b) County of Residence of First Listed Plaintiff  Palm Beach<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>Richard Celler       7450 Griffin Road, Suite 230<br>Morgan and Morgan   Davie, Florida 33314<br>Phone: 954-318-0268 | Attorneys (If Known) |

(d) Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☒ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:08 CV 61254-UU-Simonton

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
|  |  | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS---Third Party 26 USC 7609 | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO        b) Related Cases ☐ YES ☐ NO

JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

29 U.S.C. § 216 (b) Action for unpaid overtime wages.

LENGTH OF TRIAL via  4  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ unknown at this time

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD    DATE  7/9/08

FOR OFFICE USE ONLY
AMOUNT  350    RECEIPT # 543860    IFP _____